UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MICHAEL MORRIS,<br>    Plaintiff,<br><br>v.<br><br>CITY OF WORCESTER, et al.,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **CIVIL ACTION<br>NO. 14-40164-DHH** |

**ORDER**

**October 23, 2015**

Hennessy, M.J.

  Pro Se Plaintiff, Michael Morris, filed a five-count complaint against the City of Worcester, its Police Department, and three Worcester police officers, alleging Unlawful Arrest (Count I), Malicious Prosecution (Count II), Unreasonable or Excessive Force (Count III), Failure to Intervene (Count IV), and Negligence (Count V). (Docket #1). Defendants move to dismiss counts I, II, IV, and V for failure to state a claim, and for the release of the Worcester Police Department from the action. (Docket # 8). For the reasons stated on the record (and reiterated herein), Counts I, II, and V are dismissed. The claims against the Worcester Police Department are also dismissed as it is not a suable entity. Curran v. City of Boston, 777 F. Supp. 116 (D. Mass. 1991). The motion to dismiss Count IV is denied.

## Background

Plaintiff filed this five-count complaint on November 10, 2014.  (Docket #1).   On May 4, 2015, this court granted Plaintiff's motion to proceed in forma pauperis.  (Docket #6).  On June 1, 2015, the United States Marshal served each defendant.  (Docket ## 13-18).  On June 22, 2015, Defendants filed the instant motion to dismiss counts I, II, IV and V for failure to state a claim.  (Docket #8).  On July 16, 2015, the parties filed a consent to the jurisdiction of the United States Magistrate Judge.  (Docket # 12).  Plaintiff has not filed an opposition to Defendants' motion to dismiss.  On October 8, 2015, this court held a hearing on the motion, at which Plaintiff and counsel for Defendants appeared.  (Docket # 25).

Plaintiff alleges in the complaint that at 10:08 p.m. on June 16, 2013, he called 911 to report a disturbance in his neighborhood.  Defendants Matthew Tivnan, Brendon Tivnan, and David Doherty, City of Worcester police officers, responded.  See Compl., ¶¶4, 14.  Plaintiff alleges that the officers, recognizing that the offending parties had disbursed, spoke with local residents.  During the conversation, Plaintiff called from a window that the police needed to do a better job of policing.  See id. ¶5.  Matthew Tivnan yelled to Plaintiff to come down and say that.  Id. ¶6.  Plaintiff did, which angered Matthew Tivnan.  Matthew Tivnan then ordered Plaintiff to return to his residence.  When Plaintiff refused, Tivnan yelled at Plaintiff, violently seized him, and began slamming Plaintiff's face against a chain link fence.  Id. ¶7.  Officers Brendon Tivnan and David Doherty failed to intervene or render aid to Plaintiff.  Id. ¶14.  Plaintiff was arrested and charged with disorderly conduct and disturbing the peace.  His request to return to his residence to get a pair of shoes was denied.  As a result, when released from police custody at 2:30 a.m., Plaintiff had to walk home without shoes on his feet.  Id. ¶8.  At no time did Brendon

Tivnan or David Doherty intervene to prevent the use of force, or otherwise protect Plaintiff's constitutional rights.  Id. ¶9.

## Discussion

    A.  Count I, Unlawful Arrest

Defendants move to dismiss Count I of the complaint, which alleges unlawful arrest against Matthew Tivnan.  As noted by the court at the hearing, this claim is barred under the Heck rule, and the motion to dismiss is granted.

A plaintiff seeking to recover damages for a section 1983 action must prove a favorable termination of the criminal case, if the section 1983 action tends to impugn the validity of the disposition of the criminal charge.  See Heck v. Humphrey, 512 U.S. 477, 489-90 (1994); Limone v. United States, 271 F. Supp. 2d 345, 358-59 (D. Mass. 2003).  Here, a successful unlawful arrest claim would undermine the state charges against the Plaintiff.

Plaintiff was charged with, and prosecuted for, disturbing the peace and disorderly conduct.  As shown by the criminal docket which Defendants append to their motion to dismiss, while both charges were decriminalized on the court's sua sponte motion, following a bench trial the court found Plaintiff responsible for disturbing the peace, and assessed Plaintiff a $100 fine. (Docket # 9, Ex. 2).  This fails to constitute a "favorable termination."  Indeed, it precludes this court from finding that Officer Tivnan lacked probable cause to arrest Plaintiff, since a finding of responsibility, even after the charge was decriminalized, would establish by at least a preponderance of the evidence a basis to arrest Plaintiff for disturbing the peace.  Put another way, this court is required to give preclusive effect to state court judgments.  See Aldrich v. City

of Cambridge, No.CIV. A. 12-12273-RGS, 2013 WL 5533196, at *2 (D. Mass. Oct. 7, 2013). Plaintiff's claim cannot succeed without departing from this requirement.  Accordingly, the motion to dismiss Count I is allowed.

      B.   Count II, Malicious Prosecution

Plaintiff alleges that Matthew Tivnan deprived Plaintiff of his Fourteenth Amendment right to liberty in connection with the prosecution of Plaintiff for disturbing the peace and for disorderly conduct.  As noted at the hearing, the motion to dismiss Count II is granted.

Although Plaintiff does not specify whether his malicious prosecution claim alleges a violation of substantive due process under the Fourteenth Amendment or procedural due process, the Court found in Albright v. Oliver, 510 U.S. 266, 274-75 (1994) (plurality opinion) that relief was not available under a Fourteenth Amendment substantive due process theory.[1]  As to proceeding under a theory of procedural due process, where a state court recognizes a tort for malicious prosecution, a plaintiff cannot bring an action under section 1983.  Meehan v. Town of Plymouth, 167 F.3d 85, 88 (1st Cir. 1999).  Here, because Massachusetts expressly recognizes a malicious prosecution cause of action, Plaintiff's section 1983 claim on Count II cannot proceed. See id. ("A § 1983 claim for malicious prosecution as a deprivation of procedural due process is barred where, as here, the state's tort law recognizes a malicious prosecution cause of action.").

---

[1] As noted in Sholley v. Town of Holliston, 29 F. Supp. 2d 14, 21 (D. Mass. 1999), the Court and the Court of Appeals for the First Circuit have left open the possibility of a Section 1983 action for malicious prosecution under the Fourth Amendment.

C. Count IV, Failure to Intervene

Plaintiff alleges in Count IV that Brendon Tivnan and David Doherty failed to intervene to protect Plaintiff from Matthew Tivnan's alleged use of excessive force. When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must accept all well-pleaded facts as true and draw all reasonable inferences in favor of the plaintiff. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also San Geronimo Caribe Project, Inc. v. Acevedo-Vila, 687 F.3d 465, 471 (1st Cir. 2012). The burden is on the moving party to demonstrate that even when viewed in the light most favorable to the plaintiff, the complaint lacks "sufficient factual matter" to state an actionable claim for relief that is "plausible on its face." Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When evaluating the sufficiency of the factual allegations contained in the complaint, the court must be careful to credit the factual assertions made by the plaintiff and to disregard "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Id. "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. A complaint must survive a motion to dismiss if the facts alleged are sufficient as to each element to "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555; see also Lister v. Bank of Am., N.A., 790 F.3d 20, 23 (1st Cir. 2015) ("Dismissal for failure to state a claim is appropriate if the complaint does not set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." (internal quotation marks omitted)).

Here, beyond the complaint, Defendants have appended to their motion to dismiss the Incident Report which contains a narrative of events leading to Plaintiff's arrest. (Docket # 9, Ex. 2). Defendants argue that it is sufficiently referenced in the complaint to be considered part of it. (Def.'s Mem., n. 1). Plaintiff, as noted, did not file an opposition to the motion to dismiss, or to the court's consideration of this document. This court finds that it cannot consider the Incident Report without converting this motion to dismiss into one for summary judgment. First, Plaintiff did not attach the Incident Report to the complaint or expressly refer to it in the allegations. See Trans-Spec Truck Serv. V. Caterpillar Inc., 524 F.3d 315, 321 (1st Cir. 2008) ("Exhibits attached to the complaint are properly considered part of the pleading 'for all purposes' including Rule 12(b)(6)." (quoting Fed. R. Civ. P. 10(c ))); cf. Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991)("[T]he problem that arises when a court reviews statements extraneous to a complaint generally is the lack of notice to the plaintiff that they may be so considered; it is for that reason – requiring notice so that the party against whom the motion to dismiss is made may respond – that Rule 12(b)(6) motions are ordinarily converted in to summary judgment motions."). Second, I disagree that this is a case where the exhibit has been so heavily referenced in the complaint, or is so central to it, as to be appropriate for consideration. Cf. Fudge v. Penthouse Int'l, Ltd., 840 F.2d 1012, 1015 (1st Cir. 1988) ("here the article was not merely referred to in plaintiffs' complaint but was absolutely central to it. Plaintiffs unquestionably would have had to offer a copy of the article in order to prove their case") (citing Goldman v. Belden, 754 F.2d 1059, 1066 (2d Cir. 1985) ("The documents relied on in the present case, in contrast, had not been attached to the Complaint as exhibits; nor were they incorporated by reference into the Complaint.")).

Accordingly, I limit my consideration to the allegations of the complaint. Although sparse, when read in its entirety, I find that this allegation survives the motion to dismiss. The complaint alleges that the police responded following Plaintiff's 911 call. See Compl. ¶4. While the narrative alleges only that officer Matthew Tivnan responded, implicit in the allegation of the failure to intervene is that Brendon Tivnan and David Doherty responded with him, and were with Matthew Tivnan at the time of the alleged use of force. For instance, the complaint alleges: "[t]he police conducted a cursory inquiry and became engaged in conversation regarding neighborhood issues with a group of witnesses." Id. ¶5. Plaintiff's allegations also indicate that Matthew Tivnan's alleged conduct involved repeatedly striking Plaintiff's head against a chain link fence, insofar as it uses the word "slamming." See id., ¶7. Paragraph 9 of the complaint alleges that at no time did Brendon Tivnan or David Doherty intercede. Id. ¶9.

In assessing the sufficiency of claims for failure to intervene, courts have not required more than an allegation of presence and an opportunity to intervene to survive a motion to dismiss. The First Circuit has recognized the cause of action for "failure to intervene" in situations where the police "have an affirmative duty to intervene that is enforceable under the Due Process Clause." Martinez v. Colon, 54 F.3d 980, 985 (1st Cir. 1995) (citing Gaudreault v. Municipality of Salem, Mass., 923 F.2d 203, 207 (1st Cir. 1990) ("An officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force can be held liable under section 1983 for his nonfeasance")). In Walker v. Jackson, 952 F. Supp. 2d 343, 352 (D. Mass. 2013), the district court ruled on the sufficiency of pleadings for failure to intervene, finding "[a]n officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force can be held liable under section 1983 for his nonfeasance..[if] the officer [had] a 'realistic opportunity' to intervene". The court found that the

7

plaintiffs had adequately plead a claim for relief, where the complaint stated that a police officer engaged in a series of discrete steps that amounted to excessive use of force, and his fellow defendant-officers could have intervened to prevent harm. In Torres-Rivera v. O'Neill-Cancel, 406 F.3d 43, 48-49 (1st Cir. 2005), the court explcitly applied the liberal notice pleading standard to another failure to intervene claim:

> The allegations in the complaint were that Espada and O'Neill, "acting under color of law, illegally and maliciously assaulted, pointed a firearm, threatened with serious bodily harm and terrorized coplaintiffs ... for no valid reason." Although the complaint did not specify the role of each defendant, the pleadings are sufficient under liberal notice pleading standards to give notice to O'Neill that the plaintiffs were alleging that O'Neill was present during, and contributed to, Espada's beating of Ernid. There is no heightened pleading requirement for section 1983 civil rights claim.

See Com. v. Adams, 416 Mass. 558, 624 N.E.2d 102 (1993) ("The failure of the non-battering defendants to intervene to protect Smith's rights, when they knew that they had a duty to do so, independently supports the conclusion that all the defendants violated Smith's civil rights"); see also Gross v. Bohn, 782 F. Supp. 173, 179-80 (D. Mass. 1991) (finding pleadings for failure to intervene sufficient where a defendant-officer was present during another's exercise of excessive force) .

Applying these precedents, I find that Plaintiff has alleged enough to allow this claim to survive the motion to dismiss. The complaint alleges, perhaps inartfully, that Brendon Tivnan and David Doherty responded with Matthew Tivnan and were present when Matthew Tivnan used force against Plaintiff. Further, it alleges a confrontation and assault that lasted long enough to create a realistic opportunity to intervene. Finally, it alleges that Brendon Tivnan and David Doherty had a duty to intervene and failed to discharge that duty. See Woods v. Wells Fargo Bank, N.A., 733 F.3d 349 (1st Cir. 2013). The motion to dismiss Count IV is therefore denied.

D.  Count V, Negligence

Plaintiff failed to comply with statutory notice (presentment) requirements of G.L. c. 258, § 4.  Section 4 states:

> A civil action shall not be instituted against a public employer on a claim for damages under this chapter unless the claimant shall have first presented his claim in writing to the executive officer of such public employer within two years after the date upon which the cause of action arose, and such claim shall have been finally denied by such executive officer in writing and sent by certified or registered mail, or as otherwise provided by this section…

Mass. Gen. Laws Ann. ch. 258, § 4 (West) cited by Braga v. Hodgson, 605 F.3d 58 (1st Cir. 2010) (holding that former inmate's failure to comply with presentment requirement of Massachusetts law precluded his negligence claim against county sheriff, seeking to recover damages for personal injuries allegedly sustained due to negligent maintenance of corrections facility").  Here, there is no allegation by Plaintiff of presentment; indeed, at oral argument, Plaintiff conceded his failure to comply with the law in this regard.  Accordingly, the motion to dismiss Count V is granted.

## CONCLUSION

For all the foregoing reasons, the motion to dismiss counts I, II and V is allowed.  The motion to dismiss Count IV alleging a failure to intervene, is denied.  The Worcester Police Department is released as a defendant.

/s/ David H. Hennessy
David H. Hennessy
United States Magistrate Judge